**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MICHELLE PEELER, on behalf of herself and all others similarly situated | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | Civil Action No. _____ |
| SRG GLOBAL COATINGS, LLC | ) ) | |
| Defendant. | ) ) | |

**CLASS ACTION COMPLAINT**

Plaintiff Michelle Peeler, on behalf of herself and all others similarly situated, for her Class Action Complaint against SRG Global Coatings, LLC (SRG), states as follows:

**NATURE OF ACTION, JURISDICTION, AND VENUE**

1.      This is a putative class action on behalf of the Representative Plaintiff and other similarly situated persons harmed by the migration of hazardous chemicals and metals from Defendant SRG's properties in Portageville, Missouri, into the soil, groundwater, and municipal drinking water beneath and around Portageville, Missouri.

2.      The hazardous chemical and metal exposure exposed Representative Plaintiff and other Putative Class Members to hexavalent chromium, chromium, PFAS, and nickel, as well as other hazardous chemicals and metals, that necessitates medical monitoring for the Representative Plaintiff and members of the Putative Class.

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(d)(2) in that this is a class action, as defined in 28 U.S.C. §1332(d)(1)(B), in which the matter in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs. Additionally, this Court has jurisdiction because there is complete diversity of citizenship between Representative Plaintiff and Defendant.

4.      Venue is proper in this District pursuant to 28 U.S.C. §1391 because the damages to Representative Plaintiff and the putative class members occurred within this District and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

5.      Michelle Peeler is a Missouri citizen and resident currently residing at 43 Cottonwood Road, Portageville, Pemiscot County, Missouri, who brings this case on behalf of herself and all other Missouri citizens similarly situated.

6.      Plaintiff and putative class members are Missouri residents.

7.      Defendant SRG Global Coatings, LLC is a Delaware limited liability corporation. SRG's sole member is Guardian Industries Holdings, LLC, a Delaware limited liability corporation.

8.      The sole member of Guardian Industries Holdings, LLC is GI, LLC, a Delaware limited liability corporation.

9.      The sole member of GI, LLC is Guardian Industries Resources, LLC, a Delaware limited liability corporation.

10.      The sole member of Guardian Industries Resources, LLC is Guardian Industries Equity Holdings, LLC, a Delaware limited liability corporation.

11.      The sole member of Guardian Industries Equity Holdings, LLC is KGIC Holdings, LLC, a Delaware limited liability corporation.

12.      The sole member of KGIC Holdings, LLC is Koch Industries, Inc., a privately held corporation with its principal place of business in Wichita, Kansas.

13.      For purposes of determining diversity of citizenship, SRG is a citizen of Kansas and Michelle Peeler is a citizen of Missouri.

## FACTUAL ALLEGATIONS

14.     SRG owns and operates properties in Portageville, Missouri where, since approximately 1969, products have been manufactured for the automotive industry using hazardous chemicals and metals including, but not limited to hexavalent chromium, chromium, PFAS, and nickel.

15.     These hazardous chemicals and metals from the SRG properties have migrated into the soil and groundwater and drinking water underlying the SRG properties and surrounding properties in and near Portageville, Missouri.

16.     SRG has agreed and assumed duties to identify, characterize and remediate the hazardous chemical and metal contamination, but Portageville, Missouri residents have been and are being exposed to the hazardous chemicals and metals in their drinking water, which is drawn from groundwater wells in Portageville, including wells on the SRG properties.

17.     SRG has withheld information from Portageville, Missouri residents regarding the nature and extent of hazardous contamination of their properties and drinking water.

18.     The hazardous chemicals and metals in the soil, groundwater and in the Portageville drinking water is and was carcinogenic and hazardous to human health and has caused systemic and bloodstream injury to Plaintiff and putative Class members.

19.     Plaintiff Michelle Peeler was exposed to and ingested the hazardous chemicals and metals in her Portageville drinking water from approximately 1987 through 2022.

20.     As a direct and proximate result of Michelle Peeler's exposure to, and ingestion of, hazardous chemicals and metals in her drinking water from approximately 1987 through 2022, Michelle Peeler and putative class members are entitled to medical monitoring damages.

21.     Defendant SRG has acted with complete indifference and conscious disregard for the health and safety of Representative Plaintiff Michelle Peeler and putative class members who have been exposed to hazardous chemicals and metals that are carcinogenic and/or hazardous to human health.

## CLASS ACTION ALLEGATIONS

22.     Pursuant to Federal Rule of Civil Procedure 23, the Representative Plaintiff brings this action on behalf of herself, and other members of the putative class.

23.     The putative class for this case is: "All Missouri residents who were exposed to hazardous contaminants that migrated from the Defendant SRG properties in Portageville, Missouri from February 1, 2013 to present."

24.     Excluded from the putative class for this case is the Judge to whom this case is assigned, Defendant and Defendant's agents and representatives, and all those who timely opt out of the certified class.

25.     This action satisfies the numerosity, commonality, typicality, and adequacy requirements for class certification set forth in Rule 23 of the Federal Rules of Civil Procedure.

26.     The members of the Class, numbering in the thousands, are so numerous that joinder of all class members in this case is impractical.

27.     There is a well-defined commonality between Plaintiffs and the putative Class.

28.     There are common questions of law and fact applicable to the claims asserted on behalf of the Class.   Those common questions include, but are not limited to:

(a)     Whether the Defendant SRG acted negligently;

(b)     Whether the Defendant SRG has caused a nuisance;

(c)     Whether the nuisance is temporary and abatable;

4

(d) Whether Plaintiff and putative class members were harmed by hazardous chemicals and metals including, but not limited to, hexavalent chromium, chromium, PFAS and nickel from SRG's properties in Portageville, Missouri;

(e) Whether Plaintiff and putative class members are entitled to medical monitoring damages;

(f) Whether any of the defenses asserted by Defendant SRG are appropriate; and

(g) Whether Defendant acted with conscious disregard for the safety of others, rendering it liable for punitive   damages.

29. Plaintiff's claims are typical of the claims of the Class.

30. Questions of law and fact common to the members of the Class overwhelmingly predominate over any questions affecting only individual class members.

31. Damages do not require individual inquiry.

32. A class action is superior to other available methods for fair and efficient adjudication of the controversy because the number of class members is in the thousands, the expense and burden of individual litigation of these claims is impracticable or impossible given the size of the class members' claims, and trial of these claims is manageable

33. The Representative Plaintiff will fairly and adequately represent and protect the interests of the proposed Class.  The Representative Plaintiff's interests are not antagonistic to those of all members of the Putative Class, and understands her duties to the Class, and is prepared to fulfill them.  Plaintiff has retained competent and experienced counsel in the prosecution of class action litigation.

5

## COUNT I
### (Negligence)

34.     Plaintiff hereby incorporates by reference all allegations contained in the foregoing paragraphs as if fully set forth herein.

35.     Defendant SRG knew or should have known that its activities or failures to act would cause an unreasonable risk of harm to Plaintiff and others in the vicinity of the Portageville, Missouri SRG properties unless reasonable care was exercised to prevent such harm.

36.     Defendant had a duty to exercise reasonable care to protect all members of the putative Class and their properties.

37.     Defendant SRG failed to use ordinary care and was negligent in the following respects:

      (a)     Defendant SRG failed to adequately characterize and remediate the hazardous groundwater plume that migrated to groundwater and drinking water from the SRG site;

      (b)     Defendant SRG failed to adequately sample for hazardous substances, including carcinogens, in the soil and groundwater and drinking water to which Plaintiffs were exposed;

      (c)     Defendant SRG failed to warn Plaintiffs that hazardous chemicals and metals had migrated into their drinking water and groundwater; and

      (d)     Defendant SRG failed to prevent migration of the contaminated groundwater plume from the SRG site into the aquifer under Portageville, Missouri, that caused dangerous pollutants to enter the drinking water of Portageville residents.

38.    As a direct and proximate result of Defendant SRG's failure to use ordinary care

and negligence, Representative Plaintiff Michelle Peeler and the Putative Class incurred damages

to their persons and properties, including, but not limited to, the need for medical monitoring.

## COUNT II
### (Private Nuisance)

39.    Representative Plaintiff hereby incorporates by reference the foregoing

allegations.

40.    The conduct of Defendant SRG alleged herein created a substantial and

unreasonable interference with Representative Plaintiff's and all members of the putative Class's

use and enjoyment of their properties, as well as a substantial and unreasonable threat to

Representative Plaintiff and all members of the putative Class's health and safety.

41.    Plaintiff and putative Class members have drawn their drinking water from the

groundwater aquifer beneath Portageville, Missouri.

42.    Defendant SRG operated its manufacturing facility and its remediation activities

in Portageville, Missouri such that hazardous chemicals and metals migrated into the aquifer

underlying Portageville, Missouri.

43.    As a result of Defendant SRG's actions and inaction, hazardous chemicals and

metals entered the drinking water of Portageville, Missouri residents.

44.    Defendants SRG's release and failure to prevent migration of hazardous

chemicals and metals into the aquifer underlying Portageville, Missouri has substantially

impaired Plaintiffs' use and enjoyment of their properties and has caused Plaintiffs' damages

including, but not limited to, the need for medical monitoring.

## COUNT III
### (Strict Liability – Ultrahazardous Activity)

45.     Representative Plaintiff hereby incorporates the foregoing allegations.

46.     In carrying out the conduct alleged herein, Defendant engaged in abnormally dangerous activity violation of federal, state, and/or local laws and/or regulations rendering it strictly liable for any resulting damages.

47.     As a direct and proximate result of Defendant SRG's abnormally dangerous activities, Representative Plaintiff and all members of the putative Class sustained injury and damage.

48.     Defendant SRG undertook a duty to identify, characterize, and remediate soil and a hazardous groundwater plume in Portageville, Missouri, that was harmful when it escaped from the SRG properties and migrated to the soil, groundwater, and drinking water supply at, around, and affecting the properties of Representative Plaintiff and members of the putative Class.

49.     As a direct and proximate result of Defendant SRG's actions and omissions, Representative Plaintiff and members of the Putative Class incurred damages.

50.     Defendants are strictly liable to Representative Plaintiff and members of the Putative Class for their ultrahazardous activities.

### PRAYER FOR RELIEF

WHEREFORE, Representative Plaintiff on behalf of herself and all members of the Putative Class pray for judgment against Defendant SRG as follows:

1.      For an Order certifying this action and/or common issues raised herein as a Class

8

Action under the appropriate provisions of the Federal Rules of Civil Procedure 23(a), 23(b), and

23(c), designating Class Representatives; and appointing the undersigned to serve as Class

counsel;

2.      For notice of class certification and of any relief to be disseminated to all Class

Members and for such other further notices as this Court deems appropriate under Federal Rule

of Civil Procedure 23(d)(2);

3.      For an order requiring complete and immediate disclosure of all studies, reports,

analyses, data, compilations, and other similar information within the possession, custody, or

control of Defendant SRG concerning, relating to, or involving the Portageville, Missouri

migration of hexavalent chromium, chromium PFAS, and nickel;

4.      For an order barring Defendant SRG from attempting, on its own or through its

agents, to induce any Putative Class member to sign any document which in any way releases

any of the claims of any Putative Class member;

5.      For an order directing Defendant SRG to abate the nuisance and the risks from the

release of hazardous metals and chemicals in and near Portageville, Missouri, and such other

orders as may be necessary or appropriate directing Defendant SRG to take all reasonable and

sufficient steps to correct the potentially hazardous conditions now existing;

6.      For an award of compensatory damages in the amount to be determined for all

injuries and damages described herein;

7.      For an award of punitive damages to the extent allowable by law, in an amount to

be proven at trial;

8.      For interest on the above as allowed by law;

9.      For an award of attorneys' fees and costs; and

9

10.     For such other and further relief as is warranted and in the interest of justice.

### DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial on all issues so triable.


Respectfully submitted,


By:  _/s/ John F. Garvey_
John F. Garvey, #35879 (MO)
Colleen Garvey, #72809 (MO)
**STRANCH, JENNINGS &
GARVEY, PLLC**
701 Market Street, Suite 1510
St. Louis, Missouri 63101
Telephone: (314) 390-6750
Facsimile: (615) 255-5419
jackg@bsjfirm.com
colleeng@bsjfirm.com


_/s/ Brian J. Madden_
Brian J. Madden          MO #40637 (pro hac vice)
Sam A. Moore             MO #74970  (pro hac vice)
WAGSTAFF & CARTMELL LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Tel. (816) 701-1100/Fax (816) 531-2372
bmadden@wcllp.com
smoore@wcllp.com