**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

MICHELLE PEELER, on behalf of    )
herself and all others similarly situated,    )
    )
        Plaintiff,    )
    )
    v.    )        Case No. 1:23-CV-23-SNLJ
    )
SRG GLOBAL COATINGS, LLC,    )
    )
        Defendant.    )
    )
    )
    )

## MEMORANDUM and ORDER

This matter is before the Court on defendant's motion to dismiss Count III of plaintiff's class action complaint.

Plaintiff filed this putative class action against defendant SRG Global Coatings, LLC ("SRG").  SRG manufactures parts for the automotive industry and operates a manufacturing facility in Portageville, Missouri.  Plaintiff alleges that SRG caused chemicals and metals, including hexavalent chromium, chromium, nickel, and PFAS, to migrate from SRG's properties into the soil, groundwater, and municipal drinking water to the surrounding properties in Portageville.  Specifically, plaintiff alleges that she was exposed to and ingested the chemicals and metals in the drinking water supply from 1987 to 2022.  She seeks damages in excess of $5 million on behalf of herself and the putative class.  Plaintiff brings three causes of action: Negligence (Count I), Private Nuisance

(Count II), and Strict Liability – Ultrahazardous Activity (Count III). Plaintiff also requests medical monitoring damages on behalf of herself and the putative class.

Defendant moves to dismiss Count III for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content. . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc*., 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id.* (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster. *Iqbal*, 556 U.S. at 678.

Defendant argues that Count III should be dismissed because plaintiff has not stated a claim, and cannot state a claim, for strict liability for an ultrahazardous/abnormally dangerous activity. Plaintiff alleges that "hazardous chemicals and metals from the SRG properties have migrated into the soil and groundwater and drinking water underlying the SRG properties and surrounding

properties in and near Portageville." [Doc. 1 ¶ 15.]  Plaintiff further alleges that SRG agreed to remediate the contamination, but that "residents have been and are being exposed to the hazardous chemicals and metals in their drinking water, which is drawn from groundwater wells in Portageville, including wells on the SRG properties." [Doc. 1 ¶ 16.]  In Count III, plaintiff states that in "carrying out the conduct alleged herein, defendant engaged in abnormally dangerous activity violation of federal, state, and/or local laws and/or regulations rending it strictly liable for any resulting damages." [Doc. 1 ¶ 46.]

Defendant's motion to dismiss assumes that plaintiff's claim involves defendant's manufacturing activities, but plaintiff suggests the proper lens is the defendant's remediation activities—not manufacturing.  Regardless, Missouri courts[1] have narrowly applied the doctrine of strict liability for abnormally dangerous activities. *See Rychnovsky v. Cole*, 119 S.W.3d 204, 211 (Mo. Ct. App. 2003).  To state a claim, plaintiff must plead facts showing that: (1) the defendant's activity created a high degree of risk of harm; (2) the harm has been and will be significant; (3) the risk cannot be eliminated; and (4) the harm outweighs the value of the activity and resulted in injuries to plaintiff.  *Id.*  Only two activities have been found to be "abnormally dangerous" by Missouri courts: blasting operations and radioactive nuclear emissions.  *Id.*; *Wilson Rd. Dev. Corp. v. Fronabarger Concreters, Inc.*, 971 F. Supp. 2d 896, 916 (E.D. Mo. 2013).   The *Rychnovsky* court, for example, dismissed a claim that use of a private sewer line was an

---

[1] The parties appear to agree that this Court, sitting in diversity, should apply Missouri substantive law. *See, e.g., Henke v. ARCO Midcon, L.L.C.*, 750 F.Supp.2d 1052, 1059 (E.D. Mo. 2010).

abnormally dangerous activity. *Id.* *Wilson* dismissed an abnormally dangerous activities count regarding excavation of a Superfund site. 971 F. Supp. 2d at 916. Plaintiff does not plead either that the risks inherent to remediation cannot be eliminated nor that the harm of the remediation outweighs the value of the activity. Further, plaintiff identifies no Missouri case to support her claim that defendant's activities constitute abnormally dangerous activities under Missouri law. In fact, she relies only on an unpublished Connecticut state court opinion to support her claim. *Ramsay v. Och-Ziff Cap. Mgmt. Grp., LLC*, No. CV106007285S, 2010 WL 3961273 (Conn. Super. Ct. Sept. 8, 2010).

Neither defendant's manufacturing nor remediation activities qualify as "abnormally dangerous" activities under Missouri law. Defendant's motion to dismiss Count III will thus be granted.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss Count III is GRANTED.

**IT IS FURTHER ORDERED** that plaintiff's Count III for strict liability for abnormally dangerous activities is DISMISSED.

Dated this 6th day of June, 2023.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

4