UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MICHELLE PEELER, on behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:23-CV-23-SNLJ ) |
| SRG GLOBAL COATINGS, LLC, et al., | ) ) ) ) |
| Defendants. | ) ) ) |

## **MEMORANDUM and ORDER**

This matter is before the Court on defendant Atotech USA, LLC's motion for leave to file its responsive pleading out of time [Doc. 100].

Plaintiff initially filed this putative class action against defendant SRG Global Coatings, LLC ("SRG") in February 2023. Plaintiff filed a second amended complaint [Doc. 47] in April 2024 that added defendant Atotech and several others as defendants. Although the docket sheet reflects that Atotech was served on April 29, 2024, and that a responsive pleading was thus due on May 20, 2024, Atotech asserts it did not become aware of this lawsuit until the week of July 15, 2024. Atotech learned of the lawsuit from another defendant and eventually came to understand that its registered agent in Missouri, CT Corp, had sent the summons/complaint to a retired legal counsel at Atotech with a disabled e-mail account. Atotech hired legal counsel, and counsel entered an appearance on July 19, 2024.

Atotech seeks to file a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), which authorizes courts to accept late filings where the failure to timely file is the result of "excusable neglect."  "The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010) (quoting *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993)). "Excusable neglect is an 'elastic concept' that empowers courts to accept, 'where appropriate, … late filings caused by inadvertence, mistake, carelessness, as well as by intervening circumstances beyond the party's control. *Id*. (quoting *Pioneer Inv. Services Co.*, 507 U.S. at 392). In making this determination, this Court is to consider several factors, including (1) the possibility of prejudice to the non-moving party; (2) the length of delay and its potential impact on the proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the party acted in good faith. *Id*.

The story Atotech tells here is clearly one of excusable neglect.  Atotech was among a group of entities acquired by MKS Instruments, Inc., on August 15, 2022.  After closing, MKS requested from CT Corp a list of states where Atotech was registered to do business.  The list provided by CT Corp. included a number of states, but it did not include Missouri.  The registered agent for Atotech was then switched from CT Corp to Cogency Global Inc. ("Cogency") in every state provided by CT Corp.  The in-house legal counsel for Atotech, who retired in July 2023, was the contact of record at CT Corp for service of process for Atotech.  Thus, when CT Corp received service of process for

2

Atotech, it transferred the documents via email to the in-house counsel. In-house counsel's email had been disabled, however, following her retirement.

Because MKS was unaware that Missouri was supposed to be on the list of states where Atotech was registered, and because MKS believed that the registered agent for Atotech in all applicable states had been switched to Cogency, MKS did not provide updated account information for service of process to CT Corp following the Atotech legal counsel's retirement.

These facts add up to excusable neglect, particularly because no prejudice has resulted from the small delay. Atotech filed the instant motion just two months after a responsive pleading was due and mere days after learning of the lawsuit at all. The parties were then still briefing other motions to dismiss by other defendants who had been added to the complaint in April.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Atotech's motion for leave to file its responsive pleading out of time [Doc. 100] is GRANTED.

**IT IS FURTHER ORDERED** that plaintiff shall have until September 6, 2024 by which to file a response to Atotech's motion to dismiss, and Atotech shall have until September 16, 2024 by which to file a reply memorandum.

Dated this 23rd day of August, 2024.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

3