UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MICHELLE PEELER, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 1:23-CV-23-SNLJ |
| SRG GLOBAL COATINGS, LLC, et al., | ) ) ) ) | |
| Defendants. | ) ) ) | |

### **MEMORANDUM and ORDER**

Plaintiff initially filed this putative class action against defendant SRG Global Coatings, LLC ("SRG") in February 2023. Plaintiff filed a second amended complaint [Doc. 47] in April 2024 that added several defendants, including E.I. du Pont de Nemours and Company, The Chemours Company, The Chemours Company FC, LLC, Corteva, Inc., and DuPont de Nemours, Inc. (collectively, "DuPont"). This matter is before the Court on the DuPont defendants' motion to dismiss [Doc. 76].

**I.    Background**

Plaintiffs' complaint alleges injuries and damages resulting from the "migration of hazardous carcinogenic chemicals" and "metals" from its manufacturing facilities in Portageville, Missouri, including hexavalent chromium, chromium, arsenic, PFAS, and nickel, as well as other hazardous chemicals and metals. [Doc. 47 at ¶¶ 1-2, 32, et seq.] Specifically, plaintiffs alleged that "Defendant SRG failed to adequately prevent

migration of the contaminated groundwater plume from the SRG site into the aquifer under Portageville, Missouri, that caused dangerous pollutants to enter the drinking water of Portageville residents." [*Id*. at ¶ 107(d).]

Plaintiffs allege that DuPont and other recently-added defendants "designed, manufactured, formulated, promoted, marketed and sold (directly and indirectly) PFAS products that were used in SRG's electroplating manufacturing processes." [*Id.* at ¶ 33.] Plaintiffs bring claims for strict liability design defect (Count III) and negligence (Count IV) against DuPont and others.

DuPont has moved to dismiss. Because this Court will grant the motion to dismiss for lack of personal jurisdiction, this Court need not address DuPont's other arguments for dismissal.

**II.   Discussion**

In a diversity action such as this one, the Court "may assume jurisdiction over the nonresident defendants only to the extent permitted by the long-arm statute of the forum state and by the Due Process Clause." *Romak USA, Inc. v. Rich*, 384 F.3d 979, 984 (8th Cir. 2004).

To survive a motion to dismiss for lack of personal jurisdiction, the non-moving party need only make a prima facie showing of jurisdiction; that is, the "plaintiff must state sufficient facts in the complaint to support a reasonable inference that defendants may be subjected to jurisdiction in the forum state." *Steinbuch v. Cutler*, 518 F.3d 580, 585 (8th Cir. 2008).

2

Personal jurisdiction may be either general or specific. *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773, 1780 (2017) ("*BMS*"). The exercise of general jurisdiction over a corporation may take place where "the corporation is fairly regarded as at home." *Id.* (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)). "A court with general jurisdiction may hear any claim against that defendant, even if all the incidents underlying the claim occurred in a different State." *Id.* Here, the DuPont group is comprised of Delaware corporations with their principal place of business in Delaware. Nothing in the complaint provides any basis for claiming that DuPont's contacts are "so continuous and systematic as to render [them] essentially at home" in Missouri. *Daimler*, 571 U.S. at 139; *see also Lizama v. Venus Laboratories, Inc.*, 679 F. Supp. 3d 848, 856 (E.D. Mo. 2023) Thus, this Court does not have general jurisdiction over DuPont.

"Specific jurisdiction is very different. In order for a state court to exercise specific jurisdiction, 'the suit' must 'aris[e] out of or relat[e] to the defendant's contacts with the forum.'" *Id.* (quoting *Daimler AG v. Bauman*, 134 S.Ct. 746,754 (2014)). "Specific personal jurisdiction can be exercised by a federal court in a diversity suit only if authorized by the forum state's long-arm statute and permitted by the Due Process Clause of the Fourteenth Amendment." *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 593 (8th Cir. 2011). The Missouri Long-Arm Statute provides that jurisdiction extends to "any cause of action arising from" the "transaction of business within" or the "commission of a tortious act" within Missouri. § 506.500.1(1), (3) RSMo. The Missouri legislature's objective in enacting the statute "was to extend the

3

jurisdiction of the courts of this state over nonresident defendants to that extent permissible under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States." *State ex rel. Deere & Co. v. Pinnell*, 454 S.W.2d 889, 892 (Mo. banc 1970). Thus, critical to the "analysis is whether the exercise of personal jurisdiction in this case comports with due process." *Clune v. Alimak AB*, 233 F.3d 538, 541 (8th Cir. 2000). The Constitution's Due Process Clause requires that there be "minimum contacts" between the nonresident defendant and the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 315 (1945) (internal quotations omitted).

"[T]here must be 'an affiliation between the forum and the underlying controversy, principally, [an] activity or occurrence that takes place in the forum State.'" *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1780 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). In other words, "specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Id*. Moreover, specific jurisdiction "must arise out of contacts that the defendant himself creates with the forum." *Walden v. Fiore*, 571 U.S. 277, 284 (2014); *see also Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 821 (8th Cir. 2014) (for specific jurisdiction to exist, "the relationship must arise out of contacts that the defendant himself creates with the forum State").

Here, the complaint alleges no facts demonstrating any connection between plaintiffs' claims and the activities of DuPont in Missouri such that this Court's exercise

4

of personal jurisdiction comports with due process.  Simply alleging plaintiffs suffered an injury in Missouri is not enough to permit the exercise of specific jurisdiction, as the Supreme Court has made clear that "mere injury to a forum resident is not a sufficient connection to the forum." *Walden*, 571 U.S. at 290.  Plaintiffs do not even allege that defendants sold any PFAS or products containing PFAS to SRG for SRG's use in Missouri; plaintiffs allege only that the DuPont defendants sold PFAS to other companies, which then allegedly sold products using PFAS to SRG in Missouri.  [Doc. 47 at ¶ 63.]  Indeed, DuPont submitted affidavits that defendants have not identified any direct sales to SRG, its predecessor, or other defendants/distributors who may have sold products to SRG or other relevant defendants in Missouri.  Where, as here, a defendant raises through affidavits or other means a meritorious challenge to personal jurisdiction, "the burden shifts to the plaintiff to prove jurisdiction by affidavits, testimony, or documents." *Dever v. Hentzgen Coatings, Inc*., 380 F.3d 1070, 1072 (8th Cir. 2004).  Plaintiffs offer no evidence of DuPont's intent to specifically target Missouri consumers or the exercise of control over the relevant distributors.

Instead, plaintiffs rely on the theory that DuPont has "consented" to jurisdiction in Missouri.  Specifically, plaintiffs argue that "by registering to do business and maintaining an agent for service of process in Missouri," defendants have "consented to the jurisdiction of Missouri courts for any cause of action[.]" [Doc. 88 at 2 (citing *Knowlton v. Allied Van Lines, Inc*., 900 F.2d 1196, 1199 (8th Cir. 1990)).]  *Knowlton*, however, was decided under Minnesota law, which provides that a "foreign corporation shall be subject to service of process . . . [b]y service on its registered agent" without

5

limitation to "claims arising out of in-state activities . . . ." *Id.* (citing Minn. Stat. § 303.13). Missouri has no such law. The "plain language of Missouri's registration statutes does not mention consent to personal jurisdiction for unrelated claims, nor does it purport to provide an independent basis for jurisdiction over foreign corporations that register in Missouri." *State ex re. Norfolk Southern Railway Company v. Dolan*, 512 S.W.3d 41, 52 (Mo. *banc* 2017). The Missouri Supreme Court has thus rejected arguments like plaintiffs' here, and this Court has, as well.

In *Sahm v. Avow Corp.*, the plaintiffs argued—as plaintiffs do here—that the nonresident foreign corporation defendant had consented to personal jurisdiction because it had registered with the Missouri Secretary of State as a prerequisite to doing business within the state under R.S.Mo. §§ 351.582 and 351.571. No. 4:23-CV-00200-AGF, 2023 WL 8433158, at *4 (E.D. Mo. Dec. 5, 2023). The *Sahm* plaintiffs relied on the United State Supreme Court's analysis in *Mallory*, which held that a foreign corporation was subject to personal jurisdiction under the Pennsylvania registration statute requiring out-of-state corporations to consent to general personal jurisdiction as a condition of registering to do business in Pennsylvania. *Id.* (citing *Mallory v. Norfolk S. R.R. Co.*, 600 U.S. 122 (2023)). This Court rejected the *Sahm* plaintiffs' argument, finding that "the statutory scheme in Missouri is not explicit that a foreign corporation registered to do business in Missouri submits to general jurisdiction in its courts. 2023 WL 8433158 at

6

*4.[1]  This Court declines to hold that DuPont has consented to personal jurisdiction in Missouri.

Because this Court lacks both general and specific jurisdiction over DuPont, this Court need not reach DuPont's arguments for dismissal under Rule 12(b)(6).

Accordingly,

**IT IS HEREBY ORDERED** that defendants E.I. du Pont de Nemours and Company, The Chemours Company, The Chemours Company FC, LLC, Corteva, Inc., and DuPont de Nemours, Inc's motion to dismiss [Doc. 75] is GRANTED for lack of personal jurisdiction.

Dated this 30th day of August, 2024.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Plaintiffs also cite a different case from this Court, *Mitchell v. Eli Lilly & Co.*, 159 F. Supp. 3d 967, 977 (E.D. Mo. 2016), but that case appears to be an outlier.